Edward Chen (SBN #312553)
echen@yklaw.us
**YK LAW LLP**
445 South Figueroa St. Ste 2280
Los Angeles, CA 90017
Telephone: (213) 401-0970
Facsimile:  (213) 529-3044

*Attorneys for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENZEN SHILEZIYOU TECHNOLOGIES CO. LTD., d/b/a/ SOPOWNIC US; SHENZHEN AIWOLI TECHNOLOGIES CO. LTD., d/b/a/ SLAOUWO;  SHENZHEN SHIDE YIXUN E-COMMERCE CO. LTD., d/b/a/ DEYIXUN;  SHENZHEN CHAOSHENG NETWORK TECHNOLOGIES CO., LTD. d/b/a/ CSTECH US; SHENZHEN RUIKE E-COMMERCE CO., LTD., d/b/a/ RECOO DIRECT; SHENZHEN SHIMI YINGTONG AUTOMOBILE SERVICE CO., LTD., d/b/a/ ANGELBLISS; and  SHENZHEN TUDI TECHNOLOGIES CO. LTD., d/b/a/ TUDI US; on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC. AMAZON.COM SERVICES LLC; AMAZON PAYMENTS, INC.; AMAZON CAPITAL SERVICES, INC.; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> DEMAND FOR JURY TRIAL |

## I.    INTRODUCTION

1.    On July 20, 2021, the world's richest person successfully completed an 11-minute flight just barely reaching into the cusps of outer space, thereby joining the ranks of the select-few individuals on this planet that have also had the privilege and honor of traveling to space.  Upon his return to planet earth, Mr. Jeffrey Preston Bezos specifically thanked Amazon employees and customers, noting that they "paid for all of this," referring to the billions of dollars in personal Amazon stock that were sold to fund the experience.

2.    While the contributions of Amazon's employees and loyalty from its customers undoubtedly played an important role in funding Mr. Bezos' joyride into space, Mr. Bezos conveniently failed to mention the fact that the billions of dollars he has accumulated also comes from billions of dollars that have been withheld from hundreds of thousands of Chinese individuals and businesses that Amazon has banned from its marketplace.

3.    Plaintiffs bring this class action on behalf of themselves, and all others similarly situated, against Defendants Amazon.com, Inc., Amazon.com Services LLC, Amazon Payments, Inc., and Amazon Capital Services, Inc. (referred to collectively as "Defendants" or "Amazon") and seek recovery of funds that are being illegally and improperly withheld by Amazon.  Plaintiffs bring this action to further stop any further misappropriation and misuse of funds that are legally and rightfully due to thousands of Amazon sellers and merchants, and to call upon the gross misdeeds of Amazon.

4.    Amazon touts a "zero-tolerance" policy against incentivized reviews and punishes third-party sellers for engaging in such activity, yet Amazon hypocritically reaps enormous benefits and profits from this activity.  Amazon now refuses to remit funds that are legally and rightfully owed and due to Plaintiffs and the proposed class members.



5.       Plaintiffs and the proposed class members are Amazon sellers that have had their seller accounts terminated by Amazon.  Amazon routinely holds payments for longer than permitted by its own "Amazon Services Business Solutions Agreement" in violation of state laws and withholds funds without offering any reasonable justification and without any reasonable business purpose.  The amounts of money that is withheld by Amazon ranges from several hundred dollars to hundreds of thousands of dollars.  Amazon unconscionably retains "sole discretion" to determine whether or not any funds that are rightfully owed to Plaintiffs and members of the Proposed Class will be remitted.

6.       Plaintiffs bring this class action against Defendant Amazon to recover damages and any other available relief at law and in equity on behalf of themselves, and on behalf of the members of the proposed class defined herein.  Plaintiffs specifically seek remedy from Defendant Amazon's inequitable and unconscionable conduct arising from the improper and unlawful withholding of funds from Plaintiffs and members of the Proposed Class's Amazon seller accounts.

## II.       PARTIES

7.       Plaintiff SHENZEN SHILEZI TECHNOLOGIES CO. LTD. d/b/a/ SOPOWNIC ("SOPOWNIC"), is a foreign Chinese entity validly formed and existing under the laws of the People's Republic of China.  At all times relevant herein, Plaintiff SOPOWNIC owned and operated the Amazon storefront account with Amazon Merchant ID# AJ97V0AWPRUZG.

8.       Plaintiff SHENZHEN AIWOLI TECHNOLOGIES CO., LTD. d/b/a/ SLAOUWO ("SLAOUWO"), is a foreign Chinese entity validly formed and existing under the laws of the People's Republic of China.  At all times relevant herein, Plaintiff SLAOUWO owned and operated the Amazon storefront account with Amazon Merchant ID #AHH1JKD59CIOU.

9.       Plaintiff SHENZHEN SHIDE YIXUN E-COMMERCE CO. LTD., d/b/a/ DEYIXUN ("DEYIXUN"), is a foreign Chinese entity validly formed and existing under the laws of the People's



Republic of China.  At all times relevant herein, Plaintiff DEYIXUN owned and operated the Amazon storefront account with Amazon Merchant ID# A2RISM3NJRLA34.

10.    Plaintiff SHENZHEN CHAOSHENG NETWORK TECHNOLOGIES CO., LTD., d/b/a/ CSTECH US ("CSTECH") is a foreign Chinese entity validly formed and existing under the laws of the People's Republic of China.  At all times relevant herein, Plaintiff DEYIXUN owned and operated the Amazon storefront account with Amazon Merchant ID# A2XSIPVQH6ILTZ.

11.    Plaintiff SHENZHEN RUIKE E-COMMERCE CO., LTD., d/b/a/ RECOO DIRECT ("RECOO DIRECT") is a foreign Chinese entity validly formed and existing under the laws of the People's Republic of China.  At all times relevant herein, Plaintiff RECOO DIRECT owned and operated the Amazon storefront account with Amazon Merchant ID# A8NQ2M66VSRIW.

12.    Plaintiff SHENZHEN SHIMI YINGTONG AUTOMOBILE SERVICE CO., LTD., d/b/a/ ANGELBLISS ("ANGELBLISS") is a foreign Chinese entity validly formed and existing under the laws of the People's Republic of China.  At all times relevant herein, Plaintiff ANGELBLISS owned and operated an Amazon storefront account under Amazon Merchant ID#: A242FFBW8GSZV2.

13.    Plaintiff SHENZHEN TUDI TECHNOLOGIES CO. LTD., d/b/a/ TUDI US  ("TUDI") is a foreign Chinese entity validly formed and existing under the laws of the People's Republic of China.  At all times relevant herein, Plaintiff TUDI owned and operated an Amazon storefront account under Amazon Merchant ID #ADQ68XIY3CL9G.

14.    Defendant AMAZON.COM, INC., is a Washington corporation with its corporate headquarters located in Seattle, Washington.  Amazon is an online retail giant with its principal headquarters in Seattle, Washington. Amazon sells directly to its retail customers on the Amazon.com platform. Amazon also maintains Amazon Marketplace, a platform for its two million third-party sellers,

4



whom it also permits to sell on the Amazon.com platform. Amazon contractually obligates its third-party sellers to adhere to the pricing policies challenged in this lawsuit.

15.    Defendant AMAZON.COM SERVICES LLC is a Washington limited liability company with its corporate headquarters located in Seattle, Washington.

16.    Defendant AMAZON PAYMENTS, INC. is a Washington corporation with its corporate headquarters located in Seattle, Washington.

17.    Defendant AMAZON CAPITAL SERVICES, INC. is a Delaware corporation with its primary and principal place of business in Seattle Washington.

18.    Defendants AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AMAZON PAYMENTS, INC., AND AMAZON CAPITAL SERVICES, INC. are collectively referred to herein as "Defendants" or "Amazon".

### III.    JURISDICTION AND VENUE

19.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the claims of Plaintiff and the Class exceed the sum or value of $75,000.  This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because all of the claims alleged herein form part of the same case or controversy.

20.    This Court also has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(a)(1), (d)(1), (d)(2), and (d)(3) because, because at least one Class member is of diverse citizenship from Amazon, there are more than 100 Class members nationwide, and the aggregate amount in controversy exceeds $5,000,000.

21.    This Court has personal jurisdiction as Defendants purposefully avail themselves of the privilege of conducting business activities within the State of California and in this judicial district.



22.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## IV.     FACTUAL BACKGROUND

23.     Pursuant to Amazon's "Amazon Business Service Solutions Agreement", Defendants are purportedly authorized to act as "agents" for purposes of processing payments, refunds, and adjustments and are each defined as an "Amazon Payments Agent' pursuant to the agreement.

24.     For many third-party Amazon sellers, including Plaintiffs and members of the proposed class, Amazon offers a "Fulfillment by Amazon" ("FBA") program.  The FBA program allows third-party sellers to reach customers on a global basis.

25.     As one e-commerce expert described, Amazon's FBA program "allow[s] companies and individuals with products to sell to ship the products to Amazon's warehouses; these products would be presented for sale within the Amazon.com Web site, and, if and when sold, would be shopped by Amazon to the buyer."[1]   Through Amazon's FBA program, sellers are able to easily open an Amazon storefront and begin selling on Amazon's online marketplace by purchasing products in bulk and shipping them to one of Amazon's warehouses.  Amazon then takes care of all aspects of distribution, from payment to order fulfillment, to packing and shipping products to Amazon customers.

26.     In other words, Amazon owns and controls the relationships with its customers – not the individual or companies that supply their products via Amazon's FBA program.  Amazon stores products supplied by third-party sellers in Amazon's own warehouses, hosts the website and online marketplace

---

[1]  See *Bolger v. Amazon.com, LLC,* 53 Cal.App.5th 431, (Cal. Ct. App. 2020) (holding that in the context of a determination of strict products liability, Amazon "is an 'integral part of the overall producing and marketing enterprise that should bear the cost of injuries resulting from defective products' under its "fulfillment by Amazon" program).



listing for the products, handles the billing and receipt of payment from buyers, fulfills the orders by packaging and shipping the product, and then remitting the proceeds to the seller.

27.     Third-party sellers like Plaintiffs and members of the Proposed Class that participate in the FBA program have no direct relationship with the buyers and, in most cases, there are no communications between these third-party sellers and the buyers.

28.     On occasions when communications between FBA suppliers and buyers, or between FBA suppliers and potential buyers, is necessary—when, for instance, a buyer has a problem with the product, or a potential buyer has a pre-purchase question — the communication is anonymized.

29.     Amazon prohibits third-party sellers from contacting customers to collect payments or influence their purchasing decisions.  Indeed, third-party sellers like Plaintiffs and the Proposed Class members are prohibited from utilizing Amazon customer or transaction information for any marketing or promotional purposes whatsoever.  Third-party sellers in the FBA program pay storage and fulfillment fees to Amazon, in addition to the general seller and referral fees paid by all third-party sellers.

30.     Amazon's alleged "zero-tolerance" policy against incentivized reviews is beyond hypocritical, given the fact that Amazon is in possession of the products and is in the best position to prevent the activity that it supposedly does not tolerate.

31.     Given Amazon's active participation and complete control from purchase to delivery of its FBA products, Amazon was fully aware of the fact that many third-party sellers on Amazon include gift cards to customers in exchange for reviews of their products.  Furthermore, Amazon further profited from this incentivized review activity because Amazon store gift cards are most commonly provided to customers in exchange for a product review.

32.     Despite receiving profits from the sale of goods and from the sale of Amazon.com gift-cards to Plaintiffs and the proposed class members, Amazon chose to take its need for profits one step



further.  Indeed, Amazon allowed its sellers such as Plaintiffs and the proposed class members to operate and engage in these activities in order to allow its sellers to build up their respective customer base.

33.     Once Plaintiffs and the proposed class members had built up enough customer goodwill through legitimate, actual sales of their own respective products, Amazon decided to "enforce" its "zero-tolerance" policy against incentivized reviews.  Conveniently for Amazon, many of the seller accounts that were engaged in the activity that Amazon itself turned a blind eye toward had achieved success and sold hundreds of thousands of dollars of products on Amazon.

34.     While the amounts that Amazon is illegally withholding from Plaintiffs and the proposed class members ranges from thousands to hundreds of thousands of dollars, Amazon has failed to provide any justifiable reason for withholding of the funds.

35.     Unlike situations that involve potential intellectual property infringement, counterfeiting, dangerous products, and products liability, there is no reasonable justification for Amazon to withhold the entire amount of funds in Plaintiffs and the proposed class members' accounts.

A.     **Amazon's "Zero-Tolerance" Policy Re: "Fake-Reviews"**

36.     In an article dated June 16, 2021 titled "Creating a trustworthy reviews experience" Amazon describes the alleged importance of product reviews and goes at length to describe its efforts in attempting to curb "fake reviews" and related abuse by sellers on its sales platform.[2]  Notably, the article describes various instances where Amazon has purportedly acted to protect its sales platform and includes the statement that "[f]ake reviews mislead consumers, create unfair competition for honest sellers, and foster an underground economy."

/ / /

---

[2]     Amazon Staff, "Creating a trustworthy reviews experience" June 16, 2021. (https://www.aboutamazon.com/news/how-amazon-works/creating-a-trustworthy-reviews-experience) (last visited Sep. 9, 2021).



37.     Indeed, Amazon provides specific guidance for its seller's and publishes a list of activity that it deems to be violations relating to customer product reviews.[3]  These acts include, but are not limited to, the following:

- A seller posts a review of their own product or their competitor's product.
- A seller offers a third party a financial reward, discount, free products, or other compensation in exchange for a review on their product or their competitor's product. This includes using services that sell customer reviews, websites, or social media groups.
- A seller offers to provide a refund or reimbursement after the buyer writes a review (including reimbursement via a non-Amazon payment method). This could be done via buyer-seller messaging on Amazon or directly contacting customers or using 3rd party services, websites, or social media groups.
- A seller uses a third-party service that offers free or discounted products tied to a review (for example, a review club that requires customers to register their Amazon public profile so that sellers can monitor their reviews).
- A family member or employee of the seller posts a review of the seller's product or a competitor's product.
- A seller asks a reviewer to change or remove their review. They might also offer a refund or other compensation to a reviewer in exchange for doing so.
- A seller diverts negative reviews to be sent to them or to a different feedback mechanism while positive reviews are sent to Amazon.
- A seller creates a variation relationship between products with the aim of manipulating reviews and boosting a product's star rating via review aggregation.
- A seller inserts a request for a positive Amazon review or an incentive in exchange for a review into product packaging or shipping box.
- A seller uses a customer account to write or change a review on his or his competitor's product.[4]

38.     Amazon claims to have a "zero-tolerance policy" when it comes to any customer reviews violations and it further states that it is entitled to take the following actions when such violations are detected and/or suspected:

- Immediate and permanent withdrawal of the seller's selling privileges on Amazon and withholding of funds.

---

[3] Amazon, "Customer product reviews policies" (https://sellercentral.amazon.com/gp/help/external/YRKB5RU3FS5TURN?language=en_US) (last visited Sep. 9, 2021).

[4] *Id.*

9



- The removal of all the product's reviews and preventing the product from receiving future reviews or ratings.
- Permanent delisting of the product from Amazon.
- Legal action against the seller, including lawsuits and referral to civil and criminal enforcement authorities.
- Disclosing the seller's name and other related information publicly.[5]

39.     Amazon states in its "Funds withholding policy" that upon deactivation of an Amazon seller's account, it "withhold[s] funds to settle outstanding transactions, including product returns or refunds, A-to-z claims from customers, inventory removal costs, and outstanding fees."[6]

40.     Furthermore, the policy grants Amazon with the sole and arbitrary discretion to withhold some or all funds in a seller's account.  This policy defies all notions of equity and the punishment that Plaintiffs and members of the Proposed Class are dealt with following purported violations of Amazon's policies are beyond reason and completely unjust.

41.     Amazon claims that it routinely monitors customer reviews for all products on its marketplace and, upon discovery of a customer review-related violation, will generally suspend the seller's account.

42.     After Amazon has determined that a seller account has violated Amazon's policies, Amazon places a hold on the withdrawal of any and all funds that are due and owed to sellers.  Specifically, upon Amazon's determination that any attempts to manipulate customer reviews have been committed, Amazon then proceeds by instituting immediate and permanent withdrawal of the seller's selling privileges on Amazon and withholds the seller's funds.

/ / /

---

[5] *Id.*

[6] Amazon, "Funds withholding policy" (https://sellercentral.amazon.com/gp/help/help.html?itemID=9RA9LYBJ3QP27M6&ref=xx_9RA9LYBJ3QP27M6_cont_home (last visited Sep. 11, 2021)



**B.     Plaintiff Shenzen Shilezi Youkeji Youxian Co. Ltd. d/b/a/ SOPOWNIC**

43.     Plaintiff Shenzen Shilezi Youkeji Youxian Co. Ltd. d/b/a SOPOWNIC ("SOPOWNIC")
is the owner of the Amazon seller account with the Amazon Merchant ID: AJ97V0AWPRUZG.

44.     Plaintiff SOPOWNIC's Amazon seller account was terminated by Amazon on February
23, 2021, after Amazon allegedly determined that violations of Amazon's policies by offering monetary
incentives in exchange for reviews of products had occurred.

45.     To date, Amazon has withheld funds from Plaintiff SOPOWNIC in an amount totaling
$66,185.92.





---

[7] Example of Products Sold by Plaintiff SOPOWNIC.



**C.**      **Plaintiff Huzhou Zhili Mengtong Beibei Fushi Youxian Co. Ltd. d/b/a/ SLAOUWO**

46.      Plaintiff Huzhou Zhili Mengtong Beibei Fushi Youxian Co. Ltd. d/b/a/ SLAOUWO ("SLAOUWO") is the owner of the Amazon seller account with the Amazon Merchant ID: AHH1JKD59CIOU.

47.      Plaintiff SLAOUWO's Amazon seller account was terminated by Amazon on December 5, 2020, after Amazon allegedly determined that violations of Amazon's policies by offering monetary incentives in exchange for reviews of products had occurred.

48.      To date, Amazon has withheld funds from Plaintiff SLAOUWO in an amount totaling $121,100.61.




[8]

---

[8] Example of products sold by Plaintiff SLAOUWO



**D.  Plaintiff Shenzhen Shide Yixun Dianzi Shangwu Youxian Gongsi Co. Ltd. d/b/a/ DEYIXUN**

49.   Plaintiff Shenzhen Shide Yixun Dianzi Shangwu Youxian Gongsi Co. Ltd. d/b/a/ DEYIXUN ("DEYIXUN") is the owner of the Amazon seller account with the Amazon Merchant ID: A2RISM3NJRLA34.

50.   Plaintiff DEYIXUN's Amazon seller account was terminated by Amazon on March 17, 2021, after Amazon allegedly determined that violations of Amazon's policies by offering monetary incentives in exchange for reviews of products had occurred.

51.   To date, Amazon has withheld funds from Plaintiff DEYIXUN in an amount totaling $33,800.49.

[9]

**E.  Plaintiff Shenzhen Chaosheng Wangluo Keji Youxian Gongsi Co. Ltd. d/b/a/ CSTECH US**

52.   Plaintiff Shenzhen Chaosheng Wangluo Keji Youxian Gongsi Co. Ltd. d/b/a/ CSTECH US ("CSTECH") is the owner of the Amazon seller account with the Amazon Merchant ID: A2XSIPVQH6ILTZ.

53.   Plaintiff CSTECH's Amazon seller account was terminated by Amazon on March 17, 2021, after Amazon allegedly determined that violations of Amazon's policies by offering monetary incentives in exchange for reviews of products had occurred.

---

[9] Example of product sold by Plaintiff DEYIXUN.

13



54.     To date, Amazon has withheld funds from Plaintiff CSTECH in an amount totaling $19,627.03.



[10]

**F.      Plaintiff Shenzhen Shi Ruike Dianzi Shangwu Youxian Gongsi Co. Ltd., d/b/a/ RECOO DIRECT**

55.     Plaintiff Shenzhen Shi Ruike Dianzi Shangwu Youxian Gongsi Co. Ltd., d/b/a/ RECOO DIRECT ("RECOO") is the owner of the Amazon seller account with the Amazon Merchant ID: A8NQ2M66VSRIW.

56.     Plaintiff RECOO's Amazon seller account was terminated by Amazon on March 25, 2021, after Amazon allegedly determined that violations of Amazon's policies by offering monetary incentives in exchange for reviews of products had occurred.

57.     On July 20, 2021, Plaintiff RECOO was contacted by Amazon's Seller Performance team and informed that a determination was made that Plaintiff RECOO's Amazon seller account was allegedly used to engage in deceptive, fraudulent, or illegal activity and that the funds would not be disbursed by Amazon.

58.     To date, Amazon has withheld funds from Plaintiff RECOO in an amount totaling $236,700.00.

/ / /

---

[10] Example of product sold by Plaintiff CSTECH.



### G.     Plaintiff Shenzen Shimi Yingtong Qiche Fuwu Youxian Gongsi Co. Ltd., d/b/a/ ANGELBLISS

59.     Plaintiff Shenzen Shimi Yingtong Qiche Fuwu Youxian Gongsi Co. Ltd., d/b/a/ ANGELBLISS ("ANGELBLISS") is the owner of the Amazon seller account with the Amazon Merchant ID: A242FFBW8GSZV2.

60.     Plaintiff ANGELBLISS' Amazon seller account was terminated by Amazon on February 25, 2021, after Amazon allegedly determined that violations of Amazon's policies by offering monetary incentives in exchange for reviews of products had occurred.

61.     To date, Amazon has withheld funds from Plaintiff ANGELBLISS in an amount totaling $30,590.10.

[11]

---

[11] Example of product sold by Plaintiff ANGELBLISS.



**H.      Plaintiff Shenzhen Shi Tudi Keji Youxian Gongsi Co. Ltd. d/b/a/ TUDI US**

62.     Plaintiff Shenzhen Shi Tudi Keji Youxian Gongsi Co. Ltd. d/b/a/ TUDI US  ("TUDI") is the owner of the Amazon seller account with the Amazon Merchant ID: ADQ68XIY3CL9G.

63.     Plaintiff TUDI's Amazon seller account was terminated by Amazon on November 18, 2020, after Amazon allegedly determined that violations of Amazon's policies by offering monetary incentives in exchange for reviews of products had occurred.

64.     To date, Amazon has withheld funds from Plaintiff TUDI in an amount totaling $60,908.57.

## V.      CLASS ACTION ALLEGATIONS

65.     Plaintiffs bring this action on behalf of themselves, and as a class action under the Federal Rules of Civil Procedure, Rule 23(a), (b)(2), and (b)(3), seeking damages and injunctive relief pursuant to federal and state laws on behalf of the members of the following Class:

> All persons or entities who opened a seller account with Amazon and have sold products via Amazon's "Fulfilled-by-Amazon" program that have been terminated by Amazon for allegedly violating Amazon's policies prohibiting incentivized reviews and have subsequently had the total amount of their funds withheld by Amazon beyond a ninety-day (90) period.

66.     Excluded from the Class are the Defendants and its officers, directors, management, employees, subsidiaries, or affiliates. Also excluded from the class are the district judge or magistrate judge to whom this case is assigned, as well as those judges' immediate family members, judicial officers and their personnel, and all governmental entities.

67.     Further excluded from the Class are all persons or entities who have received account suspension and/or termination notices from Amazon and have funds being withheld by Amazon on the basis of suspected intellectual property violations, falsifying or misrepresenting identity, violating Amazon's anti-counterfeit policy, or submitting forged documents to Amazon.



68.     The identities of the members of the Proposed Class are readily identifiable from information and records maintained by Amazon.

69.     **Numerosity:** Members of the Proposed Class are so numerous that joinder is impracticable.  Plaintiffs believe, and hereupon allege, that there are at least fifty thousand (50,000) or more members of the proposed class, geographically dispersed worldwide, including the United States and the People's Republic of China, such that joinder of all members of the Proposed Class is impracticable.

70.     **Typicality:** Plaintiffs' claims are typical of the claims of the members of the Proposed Class.  The factual and legal bases of Amazon and the Defendants' liability are the same and resulted in injury to Plaintiffs and all other members of the proposed class.  Specifically, Plaintiffs and members of the Proposed Class's claims arise from Amazon's termination of Amazon seller accounts upon suspected activity involving incentivized reviews, and the subsequent withholding of the entire amount of funds that are rightfully owed and due to Plaintiffs and members of the Proposed Class.

71.     **Adequate Representation:** Plaintiffs will represent and protect the interests of the proposed class members both fairly and adequately.  Plaintiffs have retained counsel that are competent and experienced in class-action litigation.  Plaintiffs' interests are neither contrary nor antagonistic to those of the proposed class members, and their interests do not conflict with the interests of the proposed class members which they seek to represent.

72.     **Commonality:**  Questions of law and fact common to the members of the Classes predominate over questions that may affect only individual Class members because Amazon and the Defendants have acted on grounds generally applicable to the Classes and because Class members share a common injury. Thus, determining damages with respect to the Classes as a whole is appropriate. The common applicability of the relevant facts to claims of Plaintiffs and the proposed class members are



inherent in Amazon and the Defendants' wrongful conduct, because the improper and unreasonable withholding of funds that are rightfully owed and due to Plaintiffs and members of the Proposed Class arise from the same unreasonable and unjustified conduct as alleged herein.

73.     There are common questions of law and fact specific to the Classes that predominate over any questions affecting individual members, which include, but are not limited to the following:

(a)     Whether Defendants have violated California's Money Transmission Act, Cal. Fin. Code §§ 2000 *et seq.*, by engaging in unfair and/or deceptive business acts and/or practices where Defendants routinely withhold seller funds beyond the time requirements specified by law;

(b)     Whether Defendants have violated Washington's Uniform Money Services Act (RCW 19.230 *et seq.*) by engaging in unfair and/or deceptive business acts and/or practices where it routinely withholds seller funds upon termination of seller accounts for alleged violations of Amazon's seller policies that regard incentivized reviews;

(c)     Whether Amazon and the Defendants have failed to transmit said funds owed and due to Plaintiffs and the Proposed Class members within 10 business days as required by pursuant to California Money Transmission Act and Washington Uniform Money Services Act;

(d)     Whether the "Amazon Business Services Solution Agreement" is void as an unlawful liquidated damages provision where it imposes an unreasonably large penalty against proposed class members and therefore whether Defendants have improperly and unreasonably withheld funds from Plaintiffs and the Proposed Class members;



(e)    Whether Defendants have been unjustly enriched by their acts of improperly and unreasonably withholding the funds of Plaintiffs and the Proposed Class members;

(f)    The extent to which Defendants have been enriched unjustly; and

(g)    Whether the proposed class members are entitled to disgorgement of all benefits received by Defendants from their illegal and unreasonable conduct.

74.    Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiffs and members of the Proposed Class.  The same contract and statutory violations are involved.  Individual questions, if any, are not outweighed in comparison to the numerous common questions that predominate in this action.

75.    The injuries sustained by Plaintiffs and members of the Proposed Class arise, in each instance, from a common nucleus of operative facts.  In each case, Defendants failed to remit funds to Plaintiffs and members of the Proposed Class following the termination of their Amazon seller accounts and upon alleged violations of Amazon's policy against incentivized reviews.

76.    Plaintiffs and the proposed class members have been damaged by Defendants' misconduct. Plaintiffs and the proposed class members have been deprived of the use of their funds which were rightfully earned as sellers on Amazon's online e-retail marketplace.  In contrast, Defendants have retained the funds, used them in the operation of its business, and has retained all interest and other gains earned off of the funds and continues to earn such interest as it continues to improperly withhold said funds.

/ / /

/ / /

/ / /



## VI.   CLAIMS FOR RELIEF

## COUNT 1

## BREACH OF CONTRACT

77.     Plaintiffs reallege and incorporate by reference all paragraphs as though fully set forth herein.

78.     Plaintiffs bring this count on behalf of themselves and on behalf of the Proposed Class.

79.     Defendants entered into a written contract with Plaintiffs and the Proposed Class members.

80.     Plaintiffs and the Proposed Class members performed their obligations under the contract.

81.     Defendants breached the express terms of the contract by closing, suspending, or otherwise terminating access to Plaintiffs' and the Proposed Class members' accounts without reason to believe that Plaintiffs and the Proposed Class members engaged in restricted or illegal activities.

82.     Defendants breached the express terms of the contract by withholding Plaintiffs' and the Proposed Class members' funds for 90 days or longer, when doing so was not reasonable needed to protect against the risk of any current or potential liabilities.

83.     Defendants breached the express terms of the contract by retaining interest generated by the balances contained in the accounts that were closed, suspended, or otherwise terminated, and used the funds belonging to Plaintiffs' and the Proposed Class members for Defendants' corporate activities, amongst other uses, in express violation of the terms of the contract.

84.     The contract entered into between Defendants and Plaintiffs and the Proposed Class members also includes the implied covenant of good faith and fair dealing.

85.     Defendants breached the implied covenant of good faith and fair dealing by closing, suspending, or otherwise terminating the accounts of Plaintiffs and the Proposed Class members, and



refusing to remit the funds held in accounts of Plaintiffs and the Proposed Class members based upon allegations of incentivized reviews activities.

86.    Defendants further breached the implied covenant of good faith and fair dealing where Defendants were expressly complicit in, actively participated and facilitated, and/or promoted such incentivized reviews activity only to later terminate accounts for allegedly having done so.

87.    As a direct and proximate result of Defendants' breach of contract and breaches of the implied covenants of good faith and fair dealing, Plaintiffs and the Proposed Class members have been damaged in an amount to be determined at trial, however, at a minimum, in the amount of the total amount of funds that have been frozen in the accounts of Plaintiffs and the Proposed Class members by Defendants.

<u>**COUNT 2**</u>

**VIOLATIONS CALIFORNIA UNFAIR COMPETITION LAW**
**Cal. Bus. & Prof. Code §§ 17200 *et seq.***

88.    Plaintiffs reallege and incorporate by reference all paragraphs as though fully set forth herein.

89.    Plaintiffs bring this count on behalf of themselves and on behalf of the Proposed Class under the "unfair" and "fraudulent" prongs of California's Unfair Competition Law (UCL), Business and Professions Code section 17200 *et seq.*

90.    The California UCL prohibits "unfair competition," which includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

91.    As alleged herein, Plaintiffs and the Proposed Class members have suffered injury in fact and have been denied monies that are rightfully owed to them as a result of Defendants' conduct,



particularly, from Defendants' failure and refusal to remit funds that were paid by customers for products offered and sold by Plaintiffs and the Proposed Class members.

92.     Defendants commit unfair business acts and fraudulent business practices where it refuses to remit funds to third-party sellers like Plaintiffs and the Proposed Class members based upon alleged violations of Amazon's BSA and alleged "zero-tolerance" policy which prohibits sellers from engaging in the practice of incentivized reviews in Amazon's marketplace, despite Amazon being fully aware of such activity and actively promotes and/or fails to prevent such activity from occurring.

93.     Defendants' wrongful business acts constituted, and constitute, a continuing course of conduct of unfair competition.

94.     Defendants' wrongful business acts, as alleged herein, have caused injury to Plaintiffs and the Proposed Class.

95.     Plaintiffs and the Proposed Class members seek an order of this Court enjoining Defendants from continuing to engage in unlawful, unfair, or deceptive business practices and any other acts which are prohibited by law, including those acts set forth and as alleged herein.

96.     Plaintiffs and the Proposed Class also seek an order of this Court requiring Defendants to disgorge all ill-gotten gains and to make full restitution of all monies it wrongfully obtained from Plaintiffs and the Proposed Class.

**COUNT 3**

**VIOLATIONS OF WASHINGTON UNIFORM MONEY SERVICES ACT**
**RCW 19.230 *et seq.***

97.     Plaintiffs reallege and incorporate by reference all paragraphs as though fully set forth herein.

98.     Plaintiffs bring this count on behalf of themselves and on behalf of the Proposed Class.



99. Defendants are money transmitters as defined under Washington's Uniform Money Services Act (UMSA).

100. Specifically, Defendant Amazon Payments, Inc. is licensed as a money transmitter within the definition of, and pursuant to the UMSA with license #550-MT-29160.

101. Pursuant to the UMSA, RCW section 19.230.330 provides that "[e]very money transmitter licensee and its authorized delegates shall refund to the customer all moneys received for transmittal within ten days of receipt of a written request for a refund…" RCW § 19.230.330.

102. Defendants engage in deceptive acts and practices by requiring Plaintiffs and members of the Proposed Class to agree to the Amazon Business Service Solutions Agreement without disclosing that the terms of the agreement violate the UMSA.

103. Furthermore, Defendants fail to disclose to Plaintiffs and members of the Proposed Class that agreement to the Amazon Business Service Solutions Agreement includes a technical waiver of the protections available to Plaintiffs and members of the Proposed Class pursuant to specific provisions under the UMSA.

104. Defendants have violated the UMSA by failing to remit funds that are rightfully owed to Plaintiffs and members of the Proposed Class, and by continuing to withhold payment of such funds in excess of well over the ten (10) days as required by the UMSA.

105. Defendants' deceptive acts and practices affect the public interest, as the public has a strong interest in seeing that the provisions of Washington's UMSA are enforced and that individuals and businesses such as Plaintiffs and members of the Proposed Class are protected by such provisions.

106. Defendant's conduct has harmed, and continues to harm, Plaintiffs and members of the Proposed Class, all of whom have suffered from injury in fact and have not received the monies that they are rightfully owed.



107.    Plaintiffs and members of the Proposed Class are entitled to legal relief against Defendants, which includes recovery of actual damages, treble damages, punitive damages, attorneys' fees, costs of suit, and any such further relief as the Court may deem equitable and proper.

108.    Plaintiffs and members of the Proposed Class are also entitled to injunctive relief in the form of an order prohibiting Amazon from engaging in the alleged misconduct and such other equitable relief as the Court deems appropriate, including, but not limited to, disgorgement of any and all funds that Defendants have refused to remit to Plaintiffs and members of the Proposed Class.

## COUNT 4

### ACCOUNTING

109.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

110.    Plaintiffs bring this count on behalf of themselves and on behalf of the Proposed Class.

111.    Defendants acted as the agents of Plaintiffs and the Proposed Class members with respect to the custody of the funds held by Defendants.

112.    Defendants owe Plaintiffs and the Proposed Class members interest on funds that have been withheld from Plaintiffs and the Proposed Class members for their accounts which have been closed, suspended, or otherwise terminated by Defendants.

113.    Plaintiffs and the Proposed Class members seek to ascertain an accounting of the funds that have been improperly withheld by Defendants.

## COUNT 5

### MONEY HAD AND RECEIVED

114.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.



115.     Plaintiffs bring this count on behalf of themselves and on behalf of the Proposed Class.

116.     Defendants received monies from the sale of products and goods by Plaintiffs and the Proposed Class members.

117.     Defendants received monetary payments from customers that was intended to be used for the benefit of, or otherwise were fully owing and due to Plaintiffs and the Proposed Class members.

118.     Defendants have refused to remit funds belonging to Plaintiffs and the Proposed Class members and are withholding such funds from them.

119.     Plaintiffs and the Proposed Class members have been damaged in an amount which, at a minimum, includes the total amounts withheld in the accounts of each of the Plaintiffs and the Proposed Class members, notwithstanding any amounts for interests that have accrued to date and additional damages in an amount to be determined at trial.

## COUNT 6

### UNJUST ENRICHMENT

120.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

121.     Plaintiffs bring this count on behalf of themselves and on behalf of the Proposed Class.

122.     Amazon has been, and continues to be, unjustly enriched as a result of the unlawful and/or wrongful refusal to pay funds to Plaintiffs and members of the Proposed Class on a timely basis.  Amazon continues to earn interest on and receives other benefits from Plaintiffs' and members of the Proposed Class's funds that have been wrongfully withheld.

123.     By refusing to return funds to Plaintiffs and members of the Proposed Class in their entirety upon termination of their accounts, Amazon was unjustly enriched.  Amazon profited from Plaintiffs and members of the Proposed Class by charging listing fees, selling fees, and ultimately by retaining the entire



amount of funds in Plaintiffs and the Proposed Class members' seller accounts. All of the funds were conferred by Plaintiffs and members of the Proposed Class and were retained unjustly by Amazon.

124.    Plaintiffs and members of the Proposed Class seek a full accounting and restitution of Amazon's unjust enrichment, benefits, and seek all ill-gotten gains acquired by Amazon as a result of the unlawful and/or wrongful conduct alleged herein.

**COUNT 7**

**DECLARATORY RELIEF**

125.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

126.    Plaintiffs bring this count on behalf of themselves and on behalf of the Proposed Class.

127.    Pursuant to RCW 62A.2-718, "Liquidation or limitation of damages; deposits" provides that "[d]amages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty." RCW 62A.2-718.

128.    The *Restatement of Contracts (Second)* provides that liquidated damages clauses are permitted "but only at an amount that is reasonable in the light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss. A term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty." *Restatement (Second) of Contracts* § 356 (Am. Law Inst. 1981).

129.    Amazon's "Amazon Services Business Solutions Agreement" grants Amazon the sole discretion to determine whether to withhold any payments to Plaintiffs and members of the Proposed Class following termination of their seller accounts.



130.    Amazon's refusal to return Plaintiffs and members of the Proposed Class's funds without any reasonable justification constitutes an unreasonably large liquidated damages provision and should be deemed void as a penalty.

131.    An actual controversy has arisen and now exists between Amazon and Plaintiffs and members of the Proposed Class regarding Amazon's withholding of funds subsequent to termination of the seller accounts belonging to Plaintiffs and members of the Proposed Class.

132.    Plaintiffs and members of the Proposed Class seek a declaration of the parties' rights and duties under the Amazon Services Business Solutions Agreement, specifically, that the withholding and refusal to return any and all monies that are rightfully owed and due to Plaintiffs and members of the Proposed Class constitutes a penalty and is therefore unenforceable.

## PRAYER FOR RELIEF

133.    WHEREFORE, Plaintiffs pray for the requested relief, on behalf of themselves and members of the Proposed Class as follows:

A. Certification of the proposed class, including appointment of Plaintiffs' counsel as Class Counsel;

B. An order temporarily and permanently enjoining Amazon and the Defendants from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this complaint;

C. Declaratory relief in the form of a judgment and order from the Court declaring that Amazon and the Defendants acts of withholding funds from Plaintiffs and members of the Proposed Class constitutes an unreasonably large liquidated damages penalty and therefore rendering such provisions that provide Amazon and the Defendants with the



sole discretion to retain any or all of the funds withheld from Plaintiffs and members of the Proposed Class as void and against public policy;

D.  Costs, restitution, damages, including punitive and exemplary damages, penalties, and disgorgement in an amount to be determined at trial;

E.  An order requiring Amazon and the Defendants to pay both pre- and post-judgment interest on any amounts awarded;

F.  An award of costs and attorneys' fees to Plaintiffs' counsel;

G.  That the Court impose punitive damages; and

H.  Such other or further relief as may be appropriate under federal or state law, or at equity.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial for all claims so triable.

Dated:  September 13, 2021

**YK LAW LLP**

By      /s/ *Edward Chen*
Edward Chen (SBN 312553)
echen@yklaw.us
445 South Figueroa St. Ste 2280
Los Angeles, CA 90017
Telephone:      (213) 401-0970
Facsimile:      (213) 529-3044

*Attorneys for Plaintiffs and the Proposed Class*

