YK LAW, LLP
Vahe Khojayan (SBN 261996)
vkhojayan@yklaw.us
445 S. Figueroa Street, Ste 2280
Los Angeles, CA 90071
Tel: (213) 401-0970
Fax: (213) 529-3044

Attorneys for plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHENZEN SHILEZIYOU TECHNOLOGIES CO. LTD., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>Defendants. | Case No.: 3:21-cv-07083-MMC<br><br>**RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>**Date:** December 17, 2021<br>**Time:** 9:00AM<br>**Place:** Courtroom 7 |

**TO ALL PARTIES IN INTEREST:**

Plaintiffs hereby oppose Defendants' Motion to Compel Arbitration in this case. Plaintiffs' Opposition is based on the fact that the arbitration agreements at issue in this case are unenforceable. Additionally, the arbitration clause cited by Defendants does not apply to Plaintiff's UCL claims.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On September 13, 2021, Plaintiffs Shenzen Shileziyou Technologies Co. Ltd., d/b/a Sopownic US; Shenzhen Aiwoli Technologies Co. Ltd., d/b/a Slaouwo; Shenzhen Shide Yixun E-Commerce Co. Ltd., d/b/a Deyixun; Shenzhen Chaosheng Network Technologies Co., Ltd., d/b/a CSTech US; Shenzhen Ruike E-Commerce Co., Ltd., d/b/a Recoo Direct; Shenzhen Shimi Yingtong Automobile Service Co., Ltd., d/b/a Angelbliss; and Shenzhen Tudi Technologies Co. Ltd., d/b/a Tudi US (collectively "Plaintiffs") filed the underlying complaint against Amazon.com, Inc., Amazon.com Services LLC; Amazon Payments, Inc., and Amazon Capital Services, Inc., (collectively "Defendants").  The complaint alleges causes of action for breach of contract, violation of California Unfair Competition Law, Violations of Washington Uniform Money Services Act, Accounting, Money had and received, Unjust Enrichment and Declaratory Relief causes of action.   On November 12, 2021 Defe4ndanst filed a motion to compel Arbitration based on the contractual language stated in Defendant's Business Solutions Agreement ("BSA"). For the reasons stated below, Defendants' motion should be denied.

### II. ARGUMENT

Plaintiffs do not dispute that the BSA included an arbitration clause.  However, the arbitration provision in the BSA in unenforceable as it is procedurally and substantively unconscionable.  Further, the arbitration provisions does not apply to Plaintiff's claims under California UCL. Finally, even if the arbitration clause applies to all of the claims in the Complaint, the Court should stay this action, instead of dismissing, pending the resolution of all arbitrable claims.

### 1. The Arbitration Provision is Unenforceable.

Generally, under Federal Arbitration Act ( the "Act") arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 2 of the Act "permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011).

In California and Washington[1], a contractual clause is unenforceable if it is both procedurally and substantively unconscionable. Flores v. Transamerica HomeFirst, Inc., 93 Cal.App.4th 846, 853, 113 Cal.Rptr.2d 376 (2001), Zuver v. Airtouch Commc'ns, Inc., 103 P.3d 753, 759–60 (Wash. 2004). Although both procedural and substantive unconscionability must be present, they need not be present in the same degree; instead, "[c]ourts apply a sliding scale: the more substantively oppressive the contractual term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." Davis v. O'Melveny & Myers, 485 F.3d 1066, 1072 (9th Cir.2007) (citation omitted).

---

[1] Defendants assert that the laws of the State of Washington apply to this action.  Even under applicable Washington Law, the procedural and substantive unconscionability standards are similar to those delineated in California Cases. See Fagerstrom v. Amazon.com, Inc., 141 F.Supp.3d 1051, 1063–64 (S.D. Cal. 2015) (noting that "[i]f the two state's laws are not equally protective of consumers, and equally hostile to unconscionable terms in consumer contracts, they are certainly close," and that "a plausible case can be made that Washington's unconscionability doctrine is more protective of consumers than California's")

Procedural unconscionability focuses on "oppression" or "surprise." "Oppression arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice. Surprise involves the extent to which the supposedly agreed-upon terms are hidden in a prolix printed form drafted by the party seeking to enforce them." Flores, 93 Cal.App.4th at 853, 113 Cal.Rptr.2d 376.

An adhesion contract fulfills the requirement of procedural unconscionability, although this alone is insufficient to render an arbitration clause unenforceable. Newton v. Am. Debt Servs., Inc., 854 F. Supp. 2d 712, 723 (N.D. Cal. 2012), aff'd, 549 F. App'x 692 (9th Cir. 2013). "use of a contract of adhesion establishes a minim al degree of procedural unconscionability notwithstanding the availability of market alternatives." Sanchez v. Valencia Holding Co., LLC, 201 Cal.App.4th 74, 91, 135 Cal.Rptr.3d 19 (2011) (emphasis added) (rejecting the defendant's argument that there was no procedural unconscionability because the plaintiff could have bought his car from a dealer who did not require arbitration). Surprise may be determined by the arbitration clause's location. Sanchez, 201 Cal.App.4th at 85, 135 Cal.Rptr.3d 19 (an arbitration clause located on the back of a contract that was one page, 8 ½ inches wide, and 26 inches long with provisions on both sides constituted a surprise).

Substantive unconscionability can be found where an arbitration clause is one sided or overly harsh. Nelson v. McGoldrick, 127 Wn.2d 124, 131, 896 P.2d 1258 (1995). This includes cases where it limits the types of remedies that would be available under the statute, thus violating the "principle that an arbitration agreement may not limit statutorily imposed remedies such as punitive damages and attorney fees." Armendariz v. Found. Psychcare Servs., Inc., 24 Cal.4th 83, 103, 99 Cal.Rptr.2d 745, 6 P.3d 669 (2000).

In this case, the arbitration provision is procedurally unconscionable as it is not specifically negotiated to or consented to by the Plaintiffs. Even the declarations and evidence submitted by Plaintiff, makes it clear that a Seller signing up with Amazon.com has no choice and cannot opt out of the arbitration clause. Any seller signing up with Amazon.com has to agree to the pre-determined terms of the BSA and cannot proceed without consenting to those terms. As such the BSA is a contract of adhesion and is therefore procedurally unconscionable. Additionally, the BSA is substantively unconscionable in that it limits Plaintiff's or other seller's rights to organize file suit as a class action. Therefore the arbitration clause eliminates the very statutory prescribed remedies that Plaintiffs may otherwise have.

2. **The Arbitration Provision Does Not Apply to California UCL Claims**.

California Supreme Court's 2017 decision in McGill v. Citibank, N.A., 2 Cal.5th 945, 216 Cal.Rptr.3d 627, 393 P.3d 85 (2017) continues to held that a contractual agreement purporting to waive a party's right to seek public injunctive relief in any forum is unenforceable under California law. This position was reaffirmed in the Ninth Circuit case of Blair v. Rent-A-Ctr., Inc., 928 F.3d 819 (9th Cir. 2019), which held that the McGill rule applies in federal cases involving UCL claims.

The underlying complaint in this case involves contractual common law and UCL claims. Specifically, Count 2 of the Complaint alleges a cause of action for Violations of California Unfair Competition law. That cause of action also seeks a court order "enjoining Defendants from continuing to engage in unlawful, unfair, or deceptive business practices and any other acts prohibited by law…" Therefore, the Second count in the complaint seeks the type of public injunctive relief that McGill and Blair discussed. For that reason, the Court should hold that the

arbitration agreement does not apply to UCL claims and that the UCL claim may proceed in this Court.

### 3. The Court Should Stay the Action Instead of Dismissing It.

Section 3 of the Federal Arbitration Act  states

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3.

Plaintiffs hereby request, that if the Court refers this case to arbitration, it should stay the proceedings pending conclusion of the arbitration proceedings pursuant to Section 3 of the Act. The Court should also stay the action pending arbitration rather than dismissing all claims because the arbitrator may determine questions of arbitrability that may lead this case back to federal court. See MediVas, LLC v. Marubeni Corp., 741 F.3d 4, 9 (9th Cir. 2014) (emphasizing the "preference for staying an action pending arbitration rather than dismissing it").

The arbitration tribunal may discuss issues or arbitrability of some or all of Plaintiffs' claim which may revert back to this Court for adjudication.  For example, the arbitrator may determine that the arbitration provision does not extend to Plaintiffs' accounting money had and received and unjust enrichment claims that are common law remedies.  Similarly, the arbitrator may determine that the arbitration clause does not cover the California UCL claims.  In that event the parties would need to return to this Court for further adjudication of their claims.

### III. CONCLUSION

For the reasons stated above, the Court should deny the Motion. In the alternative, the Court the Court should hold that the arbitration provision does not apply to UCL claims, and stay the action pending the resolution of arbitrable claims.

Date: November 26, 2021                              YK LAW, LLP

By: _____
Vahe Khojayan
Attorney for Reorganized Debtors