IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENZEN SHILEZIYOU TECHNOLOGIES CO. LTD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., et al.,<br><br>Defendants. | Case No. 21-cv-07083-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION; DENYING DEFENDANTS' REQUEST TO DISMISS; STAYING ACTION; VACATING HEARING; VACATING CASE MANAGEMENT CONFERENCE; DIRECTIONS TO PARTIES** |

Before the Court is defendants Amazon.com, Inc., Amazon.com Services LLC, Amazon Payments, Inc., and Amazon Capital Services, Inc.'s (collectively, "Amazon") "Motion to Compel Arbitration," filed November 12, 2021. Plaintiffs Shenzen Shileziyou Technologies Co. Ltd., Shenzhen Aiwoli Technologies Co. Ltd., Shenzhen Shide Yixun E-Commerce Co. Ltd., Shenzhen Chaosheng Network Technologies Co. Ltd., Shenzhen Ruike E-Commerce Co. Ltd., Shenzhen Shimi Yingtong Automobile Service Co. Ltd., and Shenzhen Tudi Technologies Co. Ltd. have filed opposition, to which Amazon has replied. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for December 17, 2021, and rules as follows.

## BACKGROUND

Amazon is an online retailer that, through its "Fulfillment by Amazon" program, permits third parties to sell on its Amazon.com platform (see Compl. ¶ 14) and, in connection therewith, "stores products supplied by third-party sellers in [its] own warehouses, hosts the website and online marketplace listing for the products, handles

1   the billing and receipt of payment from buyers, fulfills the orders by packaging and
2   shipping the product, and then remitting the proceeds to the seller" (see Compl. ¶ 26).
3         To register an account, a third-party seller must enter into and agree to abide by
4   the "Amazon Services Business Solutions Agreement" ("BSA"), as well as the policies
5   incorporated therein.  (See Compl. ¶ 102; "Declaration of Charles Wright in Support of
6   Defendants' Motion to Compel Arbitration" ("Wright Decl.") ¶ 4; see also Compl. ¶ 37
7   (listing prohibited acts).)  Under one such policy, Amazon prohibits sellers from offering
8   monetary incentives to customers in exchange for product reviews (see Compl. ¶ 37)
9   and, upon detecting a violation, imposes various disciplinary measures, including
10  "immediate and permanent withdrawal of the seller's selling privileges" and "withholding
11  of funds" in the seller's account (see Compl. ¶¶ 38-42).
12        Plaintiffs are seven Chinese companies that owned and operated third-party seller
13  accounts on Amazon's online marketplace, and whose accounts have been terminated
14  by Amazon for purported violations of the above-referenced policy against incentivized
15  reviews.  (See Compl. ¶¶ 5, 7-13.)  Plaintiffs allege Amazon withheld and "routinely"
16  withholds, "for longer than permitted" by the BSA and "without offering any reasonable
17  justification," funds owed to them and to other sellers whose accounts have been
18  terminated.  (See Compl. ¶ 5.)
19        Based on the above allegations, plaintiffs assert, individually and on behalf of a
20  putative class, seven state law causes of action, specifically, "Breach of Contract,"
21  "Violations of California Unfair Competition Law" ("UCL"), "Violations of Washington
22  Uniform Money Services Act," "Accounting," "Money Had and Received," "Unjust
23  Enrichment," and "Declaratory Relief."

**DISCUSSION**

25      By the instant motion, Amazon seeks an order (1) compelling arbitration of
26  plaintiffs' claims, and (2) dismissing the above-titled action in light thereof.
27  **A. Arbitration**
28        Pursuant to the Federal Arbitration Act ("FAA"), contractual arbitration agreements

"shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." See 9 U.S.C. § 2. "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." See Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (emphasis in original). Thus, the district court's role under the FAA is "limited to determining (1) whether the agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." See Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). "If the response is affirmative on both counts," the court must "enforce the arbitration agreement in accordance with its terms." Id.

Here, the subject arbitration clause is contained in the BSA and reads, in relevant part, as follows:

> Amazon and you both consent that any dispute with Amazon or its Affiliates or claim relating in any way to this Agreement or your use of the Services will be resolved by binding arbitration as described in this paragraph, rather than in court . . . . There is no judge or jury in arbitration, and court review of an arbitration award is limited. However, an arbitrator can award on an individual basis the same damages and relief as a court (including injunctive and declaratory relief or statutory damages), and must follow the terms of this Agreement as a court would. . . . Amazon and you each agree that any dispute resolution proceedings will be conducted only on an individual basis and not in a class, consolidated or representative action.

(See Wright Decl., Exs. D ¶ 19, E ¶ 18, F ¶ 19, G ¶ 18, H ¶ 18.)

The clause further states arbitration "will be conducted by the American Arbitration Association ('AAA') under its rules, including the AAA's Supplementary Procedures for Consumer-Related Disputes." (See id.) The AAA rules, in turn, provide that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." (See "Declaration of John A. Goldmark in Support of Defendants' Motion to Compel Arbitration" ("Goldmark Decl."), Ex. A at 13.)

Plaintiffs do not dispute that, upon registering their seller accounts, they each

3

1  agreed to abide by the terms of the BSA (see Pls.' Resp. (hereinafter "Opp.") at 5:5-6),
2  and that the above-referenced arbitration clause is contained therein (see Opp. at 2:22).
3  Rather, they contend the arbitration clause is "unenforceable" because it is "procedurally
4  and substantively unconscionable" (see Opp. at 2:22-25), and that it "does not apply" to
5  their UCL claims because "a contractual agreement purporting to waive a party's right to
6  seek public injunctive relief . . . is unenforceable under California law" (see Opp. at 5:14-
7  18).
8      Amazon argues, however, that under the terms of the arbitration agreement, such
9  "gateway issues of arbitrability" are "for the arbitrator to decide." (See Reply at 1:7-8.)
10 The Court agrees.
11     As discussed above, the subject arbitration clause incorporates the AAA rules,
12 and, pursuant to those rules, the "validity of the arbitration agreement" and the
13 "arbitrability of any claim" are delegated to the arbitrator. (See Goldmark Decl., Ex. A at
14 13.)   Under such circumstances, the Court finds plaintiffs agreed to delegate to the
15 arbitrator the issue of arbitrability. See Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th
16 Cir. 2015) (holding "incorporation of the AAA rules constitutes clear and unmistakable
17 evidence" of agreement to delegate arbitrability).  In particular, where, as here, plaintiffs'
18 unconscionability and public injunctive relief challenges are directed not to "the
19 delegation provision specifically," but, rather, to the arbitration agreement "as a whole,"
20 the Court "must enforce" the delegation provision and leave such challenges "for the
21 arbitrator." See Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 72 (2010); see also
22 Brennan, 796 F.3d at 1133 (holding, where no argument "specific to the delegation
23 provision" is made, unconscionability challenge is "for the arbitrator"); Mondigo v. Epson
24 Am., Inc., Case No. CV 20-4400-CBM-GJS(x), 2020 WL 8839981, at *4 (C.D. Cal. Oct.
25 13, 2020) (holding, where plaintiffs "do not specifically challenge" validity of delegation
26 clause, public injunctive relief question is reserved for arbitrator (internal quotation and
27 citation omitted)).
28     Accordingly, the Court will grant Amazon's motion to compel arbitration. See

Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 531 (2019) (holding court "must respect the parties' decision" to delegate arbitrability question "as embodied in the contract").

**B. Dismissal or Stay**

The FAA provides that, when "any issue" in an action is "referable to arbitration" under an arbitration agreement, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." See 9 U.S.C. § 3. Nevertheless, when "all of the claims raised" are subject to arbitration, the court has discretion to dismiss the action. See Johnmohammadi v. Bloomingdale's, Inc., 755 F.3d 1072, 1073-74 (9th Cir. 2014).

Here, Amazon asks the Court to dismiss the action because "the parties' arbitration agreement encompasses all of [plaintiffs'] claims." (See Mot. at 18:17-19.) Plaintiffs, on the other hand, ask the Court to stay the action pending conclusion of arbitration because "the arbitrator may determine questions of arbitrability that may lead this case back to federal court." (See Opp. at 6:14-15.)

In light of the Ninth Circuit's "preference for staying an action pending arbitration rather than dismissing it," see MediVas, LLC v. Marubeni Corp., 741 F.3d 4, 9 (9th Cir. 2014), the Court finds a stay is appropriate, and, accordingly, will deny Amazon's request for dismissal.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Amazon's motion to compel arbitration is hereby GRANTED.

2. Amazon's request to dismiss the above-titled action is hereby DENIED, and the action is STAYED pending completion of arbitration proceedings.

3. The parties are hereby DIRECTED to file, no later than May 13, 2022, and every six months thereafter, a joint report apprising the Court of the status of the arbitral proceedings.

4. The Case Management Conference currently scheduled for February 4, 2022, is

hereby VACATED.

**IT IS SO ORDERED.**

Dated: December 9, 2021

MAXINE M. CHESNEY
United States District Judge